Schumann v. Orchard.

---

HERMANN SCHUMANN, Appellant, *against* JACOB ORCHARD and AMALI ORCHARD, Respondents.

(Decided April 5th, 1880.)

Upon setting aside a judgment entered by default against a husband and wife, and allowing them to come in and defend, the judgment was ordered to remain as security, an execution having been levied upon property of the wife sufficient to satisfy the judgment. On the trial of the cause before a referee, it appeared in evidence that the plaintiff had previously obtained

Schumann *v.* Orchard.

a judgment against the husband by default in an action founded upon the same transaction; and thereupon the defendants were allowed to amend their answers by setting up that judgment as a defense. Upon this the plaintiff discontinued the action as against the husband, and served an amended complaint as against the wife alone; whereupon she moved to set aside the existing judgment remaining as security against her husband and herself, and the levy of execution under it. *Held,* that the motion should not be granted, but that the defendant should be required to establish her defense in the ordinary way, leaving the rights of the parties to be determined by such judgment as should be ultimately rendered.

APPEAL from an order of this court vacating a judgment and execution.

The facts and the proceedings in the action, so far as material, are stated in the opinion.

*Charles Howard Williams,* for appellant.

*H. Fox,* for respondents.

CHARLES P. DALY, Chief Justice.—Where a judgment, taken by default, is opened, so as to allow the defendant to come and defend, but the judgment has been allowed formally to remain as security, the judgment, under the order made, is effective only for the purposes of securing any lien that may have been obtained by it, or by an execution issued and levied under it; but it in no other respect affects the rights of the parties; and the action thereafter proceeds for the determination of those rights, the same as though no judgment had been rendered; and if, at the close of the further proceedings, the defendant is entitled to judgment, it is formally entered up, extinguishes the other judgment, and discharges any lien or levy that may have been obtained under it (*Mott* v. *Union Bank, &c.,* 38 N. Y. 20, and cases there cited).

In this case, judgment by default was obtained by the plaintiff, against the defendants, Jacob Orchard, and his wife Amali Orchard; and upon her application, the default was set aside, allowing her to come in and defend the action; but the

judgment was ordered to remain as a security, a levy upon her property, sufficient to satisfy it, having been made under it. The cause was referred to a referee, and pending the trial before him it appeared that the plaintiff had obtained a judgment against the defendant, Jacob Orchard, for the same claim as in this action. Upon this appearing the defendants were allowed to amend their answer and set up that judgment as a defense; upon which the plaintiff discontinued, as to the defendant Jacob, and served an amended complaint as to the defendant Amali Orchard only; whereupon she moved at the special term to set aside the existing judgment against herself and her husband, and the levy under it, which was allowed, and is the order appealed from.

This motion, in my opinion, should not have been granted. The recovery of a judgment against Jacob Orchard, for the same cause of action, was a matter of defense to this action, which the defendant, Amali Orchard, had set up in her answer to the amended complaint, and she should have been required to go on and prove it in the ordinary way. It may be, for all that this court can know, that the marine court will relieve the plaintiff from the effect of that judgment, as a bar, by allowing it, upon the plaintiff's application, to be changed into a judgment of discontinuance, without costs, as no defense was made to it by Jacob Orchard, and there had been no appearance; for that court has power over its own judgments and may modify a judgment so as to take from it its character as a *res adjudicata* where the ends of justice require it (*Mott* v. *Union Bank, &c., supra*); and if the defendant in the judgment was sued as personally liable for a claim, when the suit should have been against another person as trustee, to compel an accounting, the defendant in the judgment is not injured by its being changed into a judgment of discontinuance, as he did not appear, the judgment went by default, and the execution was returned unsatisfied; and if this should be done it would be no bar to the prosecution of the present action. But whether this could, or would be done, the defendant, Amali Orchard, should have been left to establish her defense in the ordinary way under her answer, without summarily disposing of the

rights of the parties, upon such a motion as this.   The effect of it is to take away from the plaintiff the security he obtained by the judgment in this court, and by the levy.   As the judgment was opened, as a matter of favor, and the defendant, Amali Orchard, allowed to come in and defend, she should have been left to the proof of her defense ; and such judgment have been finally entered as the facts warranted.

I think, therefore, that the order should be reversed, leaving the rights of the parties to be determined by such judgment as may be ultimately rendered.

LARREMORE and VAN HOESEN, JJ., concurred.

Order reversed.